# EXHIBIT A

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

_____ Centre _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | 2022-1341 |

FILED FOR RECORD
FILED BY EMAIL
2022 JUL -7 PM 3: 3□
JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY,

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of Court._

**S E C T I O N   A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Jeremy C. Jackson | Lead Defendant's Name: Sunpath, Ltd. |
|---|---|

| **Are money damages requested?** [x] Yes [ ] No | Dollar Amount Requested: (check one) | [x] within arbitration limits [ ] outside arbitration limits |
|---|---|---|

| **Is this a Class Action Suit?** [ ] Yes [x] No | **Is this an MDJ Appeal?** [ ] Yes [x] No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Jeffrey M. Bower, Esquire

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

**TORT** _(do not include Mass Tort)_
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability _(does not include mass tort)_
- [ ] Slander/Libel/ Defamation
- [x] Other:
  73 P.S. § 201-1 et seq.
  47 U.S.C. § 227 et seq.

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** _(do not include Judgments)_
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

_Updated 1/1/2011_

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JEREMY C. JACKSON,     )
            )
     Plaintiff   )  Docket No. 2022 - 1341
            )
  v.         )  Type of Case: CIVIL
            )
SUNPATH, LTD., and     )  ____Medical Professional Liability
AM PROTECTION INC.     )  Action (Check if applicable)
            )
     Defendants  )
            )
            )
            )  Type of Pleading:
            )  Civil Complaint
            )
            )  Filed on Behalf of: Plaintiff
            )
            )  Counsel of Record for this Party:
            )  Jeffrey M. Bower, Esq.
            )
     PA 18266   )  PA I.D. Number

FILED FOR RECORD
FILED BY EMAIL

2022 JUL -7 PM 3: 06

JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY, PA

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JEREMY C. JACKSON,

                                    Plaintiff          :          NO. 2022 - 1341

          v.                                           :

SUNPATH, LTD., and                                     :
AM PROTECTION INC.                                     :

                                    Defendants         :

FILED FOR RECORD
FILED BY EMAIL
2022 JUL -7 PM 3: 06
JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY, PA

## NOTICE TO DEFEND

TO THE ABOVE NAMED DEFENDANTS:

You have been sued in court. If you wish to defend against the claims set forth in the following
pages, you must take action within twenty (20) days after this complaint and notice are served,
by entering a written appearance personally or by attorney and filing in writing with the court
your defenses or objections to the claims set forth against you. You are warned that if you fail to
do so the case may proceed without you and a judgment may be entered against you by the court
without further notice for any money claimed in the complaint or for any other claim or relief
requested by the plaintiff. You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS
OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

     Court Administrator
     Centre County Courthouse
     Bellefonte, PA 16823
     Telephone: (814) 355-6727

BOWER LAW ASSOCIATES, PLLC

By:  _____

Jeffrey M. Bower, Esq.
Attorney for Plaintiff
403 South Allen Street, Suite 210
State College, PA 16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
tcpa@bower-law.com
PA 18266

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JEREMY C. JACKSON,

                Plaintiff

     v.

SUNPATH, LTD., and
AM PROTECTION INC.

              Defendants

NO. 2022 - 1341

FILED FOR RECORD
FILED BY EMAIL

2022 JUL -7 PM 3:07

JEREMY S. BREON
PROTHONOTARY
CENTRE COUNTY, PA

## COMPLAINT

    AND NOW, comes Plaintiff Jeremy C. Jackson by and through his undersigned counsel, Jeffrey M. Bower, Esq., and files this Complaint and states as follows:

    1. Plaintiff Jeremy C. Jackson brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

## THE TELEPHONE CONSUMER PROTECTION ACT

    2. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[unrestricted telemarketing . . . can be an intrusive invasion of privacy.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

    3. Although actual monetary losses from telemarketing abuses are likely to be minimal, this private enforcement provision puts teeth into the statute by providing for statutory damages and by allowing consumers to bring actions on their own.

Consumers who are harassed by telemarketing abuses can seek damages themselves, rather than waiting for federal or state agencies to prosecute violations. Although § 227(f)(1) of the statute does authorize states to bring actions on their citizens' behalf, the sheer number of calls made each day -- more than 18,000,000 -- would make it impossible for government entities alone to completely or effectively supervise this activity. See *Erienet, Inc. v. Velocity Net, Inc.*, 156 F. 3d 513, 515 (3rd Cir. 1998) at 515

4. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## PARTIES

5. Plaintiff, Jeremy C. Jackson at all material times hereto was located in Centre County, Pennsylvania.

6. Defendant Sunpath, Ltd. (Hereinafter "Sunpath"), upon information and belief is, a duly registered Delaware Corporation and has a regular place of business located at 50 Braintree Hill Park, Suite 310, Braintree, MA 02184.

7. Defendant AM Protection Inc. (Hereinafter "AMP"), upon information and belief, is a duly registered Delaware Corporation, with a registered principal office address with the state of California of 2700 N. Main Street, Suite 601, Santa Ana, CA 92705.

## JURISDICTION AND VENUE

8. Venue is proper because Plaintiff was at all material times located in Centre County, Pennsylvania when the violating telephone calls were made to him.

9. This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and Pennsylvania's "Unfair Trade Practices and Consumer Protection Law", 73 P.S. § 201-1 *et seq*.

10. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3), which reads, in part:

> "Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . . (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater".

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Defendant Sunpath contracted with Defendant AMP to obtain new customers for SunPath.

12. Defendant AMP was permitted to market for and bind Defendant Sunpath into a vehicle service contract with Plaintiff.

13. Defendant Sunpath is vicariously liable for the acts of Defendant AMP.

14. Hereinafter, the aforementioned Defendants will be jointly referred to as "Defendant"

15. Defendant or Defendant's agent made unsolicited telemarketing calls to Plaintiff's cellular telephone number (814-876-XXXX) at least six (6) times, during the months of January 2022 and February 2022.

16. Defendant transmitted Pre-Recorded Message during the aforementioned calls, described in Paragraph 15, above.

17. This aforementioned Pre-Recorded Message offered Plaintiff lower automobile insurance, following this Pre-Recorded Message a live operator connected to the call and after initially saying that I could get lower automobile insurance, the live operator said that Plaintiff qualified for a vehicle protection warranty.

18. The Pre-Recorded Message described in paragraph 17, above gives Plaintiff reason to believe that Plaintiff's telephone was called using an Automated Telephone Dialing System ("ATDS") as defined by the TCPA.

19. Plaintiff was never provided the name of the seller in any of the aforementioned calls, listed in Paragraph 15, above, prior to the purchasing of the vehicle service contract.

20. Plaintiff attempted to call back the telephone numbers which appeared on his telephone caller ID, described in Paragraph 15, above, and was unable to reach the Defendant, which gave Plaintiff reason to believe that Defendant or Defendant's agent used caller ID "spoofing" by transmitting false information to Plaintiff's caller ID.

21. Due to Defendant or Defendant's agent calling Plaintiff using caller ID "spoofing", Plaintiff was required to purchase the vehicle service contract the caller was marketing to determine who was making these unwanted, harassing, intrusive, telemarketing calls.

to his cellular telephone despite Plaintiff's having registered his cellular telephone

number on the Federal and Pennsylvania Do-Not-Call Registry.

22. Defendant's action harmed Plaintiff by being a nuisance to Plaintiff.

23. Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion, an

invasion to Plaintiff's privacy.

24. Defendant's action harmed Plaintiff by trespassing upon and interfering with

Plaintiff's rights and interest in Plaintiff's cellular telephone.

25. Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion.

26. Defendant's action harmed Plaintiff by causing Plaintiff aggravation and

annoyance.

## TELEPHONE CONSUMER PROTECTION ACT SPECIFIC FACTS

27. This action is brought pursuant to the Telephone Consumer Protection Act

(TCPA), 47 U.S.C. § 227.

28. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

> "Private right of action. A person or entity may, if otherwise permitted by
> the laws or rules of court of a State, bring in an appropriate court of that
> State . . . . (B) an action to recover for actual monetary loss from such a
> violation, or to receive $ 500 in damages for each such violation, whichever
> is greater"

29. Defendant's calls to Plaintiff were to Plaintiff's cellular telephone.

30. Plaintiff's cellular telephone number has been registered on the National Do-Not-

Call Registry more than 30 days prior to the calls described in Paragraph 15, above.

31. Plaintiff's cellular telephone number has been registered on the Pennsylvania Do-Not-Call Registry quarterly publication at least 30 days prior to the calls described in Paragraph 15, above.

32. Defendant is not an organization exempt from the Telephone Consumer Protection Act ("TCPA").

33. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

34. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

35. Defendant never had an "established business relationship" with Plaintiff as defined by the TCPA.

36. Defendant never received "prior express written consent" to contact Plaintiff as defined by the TCPA.

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

37. Plaintiff purchased a vehicle service contract through an oral agreement with Defendant or Defendant's agent during a telephone call on February 16, 2022, Service Contract Number MPF209384.

38. Plaintiff is a consumer who purchased this vehicle service contract for his personal use.

## COUNT I.
## CALLING A CELLULAR TELEPHONE WITH THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" ("ATDS"), 47 U.S.C. § 227(b)(1)(A)(iii)

39. Plaintiff incorporates by reference paragraphs 1 - 38 of this Complaint as though fully stated herein.

40. Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

41. Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described in paragraph 15, above, in the amount of $500.00 for each of these calls.

42. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

## COUNT II:
## CALLING A CELLULAR TELEPHONE WITH THE USE OF "AN ARTIFICIAL OR PRERECORDED VOICE" ("ATDS") 47 U.S.C. § 227(b)(1)(B)

43. Plaintiff incorporates by reference paragraphs 1 - 42 of this Complaint as though fully stated herein.

44. Defendant called Plaintiff's cellular telephone using an artificial or prerecorded voice to deliver a message without the Plaintiff's prior express consent on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1)(B).

45. Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described in paragraphs 15 and 16, above, in the amount of $500.00 for each of these calls.

46. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

## COUNT III:
### INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL. 47 C.F.R. § 64.1200(c)(2)

47. Plaintiff incorporates by reference paragraphs 1 - 46 of this Complaint as though fully stated herein.

48. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described in Paragraph 15, above.

49. Defendant called Plaintiff's telephone at least six (6) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

50. Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described in paragraph 15, above, in the amount of $500.00 for each of the six (6) telephone calls.

51. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

### COUNT IV:
### MAKING SOLICITATIONS FOR SALES OF GOODS OR SERVICES OVER THE TELEPHONE WITHOUT FIRST CLEARLY, AFFIRMATIVELY AND EXPRESSLY STATING THE IDENTITY OF THE SELLER; PENNSYLVANIA'S "UNFAIR TRADE AND PRACTICES AND CONSUMER PROTECTION LAW", 73 P.S. § 201-2(4)(XVII)(A)

52. Plaintiff incorporates by reference paragraphs 1 - 51 of this Complaint as though fully stated herein.

53. Defendant made solicitations for sales of goods or services over the telephone without first clearly, affirmatively and expressly stating the identity of the seller to Plaintiff, described in paragraph 19, above, a violation of 73 P.S. § 201-2(4)(XVII)(A).

54. Plaintiff was statutorily damaged at least six (6) times by Defendant by the telephone calls described in paragraph 15, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

55. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

56. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $1,800.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

### COUNT V:
### INITIATING AN OUTBOUND UNWANTED SOLICITATION TELEPHONE CALL TO A PERSON AFTER THEY HAVE REGISTERED THEIR TELEPHONE NUMBER ON THE PENNSYLVANIA DO-NOT-CALL LIST, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT", 73 P.S. § 2245.2(A)

57. Plaintiff incorporates by reference paragraphs 1 - 56 of this Complaint as though fully stated herein.

58. Defendant initiated outbound telephone calls, listed in paragraph 15, above, to Plaintiff when he had previously stated through his registration on the Pennsylvania Do-Not-Call list quarterly publication at least 30 days prior to the calls described in Paragraph 15, above, that he did not wish to receive any outbound telephone calls from Defendant, a violation of 73 P.S. § 2245(a)(2).

59. The statutory violation described in paragraph 58, above is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

60. Plaintiff was statutorily damaged at least six (6) times by Defendant by the telephone calls described in paragraph 15, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

61. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

62. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $1,800.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

### COUNT VI:
### BLOCKING OF CALLER IDENTIFICATION, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT" 73 P.S. § 2245.1

63. Plaintiff incorporates by reference paragraphs 1 - 62 of this Complaint as though fully stated herein.

64. Defendant or Defendant's Agent initiated outbound telephone calls, listed in paragraph 15 and 20, above, to Plaintiff that contained false caller identification information, a violation of 73 P.S. § 2245.1.

65. The statutory violation described in paragraph 64, above is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

66. Plaintiff was statutorily damaged at least six (6) times by Defendant by the telephone calls described in paragraph 15 and 20, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

67. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

68. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount of $1,800.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

## SUMMARY OF PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeremy C. Jackson respectfully requests that judgment be entered in his favor and against Sunpath, Ltd. and AM Protection Inc., jointly and severally, in an amount to be more fully determined at time of trial, but at least $32,400.00, as permitted by statute, as follows:

1. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(c)(5)(B);

4. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(c)(5)(C);

5. Statutory damages of $100.00 for each and every violation of 73 P.S. § 201-9.2(a);

6. Treble damages for each violation determined to be willful and/or knowing pursuant to 73 P.S. § 201-9.2(a);

7. Costs and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a); and

8. Any and all other relief that the Court deems just and proper.

BOWER LAW ASSOCIATES, PLLC

By: _____

Jeffrey M. Bower, Esq.
Attorney for Plaintiff
403 South Allen Street, Suite 210
State College, PA 16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
tcpa@bower-law.com
PA 18266

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JEREMY C. JACKSON,

                    Plaintiff

      v.

SUNPATH, LTD., and
AM PROTECTION INC.

              Defendants

:
:
:
:
:
:
:
:
:
:

NO. 2022 - 1341

**VERIFICATION**

    I, JEREMY C. JACKSON, verify that the statements made in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

7/6/2022
DATE

Jeremy C. Jackson, Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Attorney for Plaintiff

Signature: _____

Name:  Jeffrey M. Bower, Esq.

Attorney No. (if applicable):  18266 _____

Rev. 7/2018